| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| SOUTHERN DISTRICT OF FLORIDA |
| Case number *(if known)* _____  Chapter  7 |
| ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Mattress One, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **DBA  Mattress 1 One** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-2322072** |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**c/o Drew M. Dillworth, Receiver**<br>**150 West Flagler Street, Suite 2200**<br>**Miami, FL 33130**<br>Number, Street, City, State & ZIP Code<br><br>**Miami-Dade**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor **Mattress One, Inc.**
_____Name_____

Case number (*if known*) _____

7. **Describe debtor's business**   A. *Check one:*

   ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ■ None of the above

   B. *Check all that apply*

   ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   ____

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   *Check one:*

   ■ Chapter 7
   ☐ Chapter 9
   ☐ Chapter 11. *Check **all** that apply*:

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   ■ No.
   ☐ Yes.

   If more than 2 cases, attach a separate list.

   | District | When | Case number |
   |---|---|---|
   | District | When | Case number |

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ☐ No
    ■ Yes.

    List all cases. If more than 1, attach a separate list

    | Debtor | **SOS Furniture Company, Inc.** | Relationship | **Affiliate** |
    |---|---|---|---|
    | District | **Southern District of Florida** | When **6/02/21** | Case number, if known **21-15459** |

Official Form 201     Voluntary Petition for Non-Individuals Filing for Bankruptcy     page 2

Debtor **Mattress One, Inc.** Case number (*if known*)
Name

Debtor  **Mattress One, Inc.**                                             Case number (*if known*) _____
              Name

### 11. Why is the case filed in *this district?*

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

### 12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?

☑ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
                                  Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

---

### Statistical and administrative information

### 13. Debtor's estimation of available funds

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available to unsecured creditors.

### 14. Estimated number of creditors

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

### 15. Estimated Assets

☑ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

### 16. Estimated liabilities

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☑ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | **Mattress One, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **June  2, 2021**
              MM / DD / YYYY

**X** **/s/ Drew M. Dillworth**                                  **Drew M. Dillworth**
Signature of authorized representative of debtor                  Printed name

Title   **Receiver**

**18. Signature of attorney**

**X** **/s/ ERIC J. SILVER**                                     Date  **June  2, 2021**
Signature of attorney for debtor                                        MM / DD / YYYY

**ERIC J. SILVER 057262**
Printed name

**Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.**
Firm name

**Museum Tower, Suite 2200**
**150 West Flagler Street**
**Miami, FL 33130**
Number, Street, City, State & ZIP Code

Contact phone  **305.789.3200**    Email address  **esilver@stearnsweaver.com**

**057262 FL**
Bar number and State

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2020-022321-CA-01
SECTION: CA05
JUDGE: Samantha Ruiz Cohen

**Tempur-Pedic North America LLC et al**

Plaintiff(s)

vs.

**SOS Furniture CO Inc et al**

Defendant(s)

_____/

## POST JUDGMENT ORDER APPOINTING RECEIVER PURSUANT TO FLORIDA STATUTES §56.29 AND/OR §56.10

**THIS CAUSE,** having come before the Court on February 16, 2021, on the Judgment Creditors', Tempurpedic North America, LLC, Sealy Mattress Manufacturing Co., LLC and Comfort Revolution, LLC, Post Judgment Verified Motion for Appointment of Receiver, and the Court having reviewed the Motion, hearing argument of counsel for the respective parties, and being otherwise fully advised in these Post Judgment proceeding, the Court finds that:

1. The Judgment Creditors hold an unsatisfied final judgment and writs of execution in this matter against the Judgment Debtors, SOS Furniture Co., Inc. and Mattress One, Inc. (the "Judgment Debtors").

2. That this is a post-judgment Receivership authorized pursuant to Florida Statutes §§ 56.10 and 56.29(9). *See Warshall v. Price 617 So 2d 751 (Fla 4th DCA 1993).*

**Accordingly**, it is **ORDERED and ADJUDGED** that:

1. The Judgment Creditors' verified motion for Appointment of Receiver be and same is hereby **Granted**.

2. **Appointment.** Drew Dillworth is hereby appointed as Receiver (the "Receiver") in this matter, and shall immediately take control of the Judgment Debtors (the "Business").

3. **Oath.** Within ninety (90) days of the date of this Order, the Receiver shall file with this Court an Oath of Receiver.

4. **Bond.** The Receiver shall not be required to post a Bond in this post judgment receivership.

5. **Inventory.** The Receiver shall prepare and file in the Court on or before ninety (90) days from the date he takes possession of the Business, a full and detailed inventory, under oath, of all the real and personal property, assets, and effects of every nature involved in the Business of which he is hereby given custody.

6. **Power of Receiver.** The Receiver shall have the power and authority to preserve and protect the property, including the power and authority to:

    A. Take all steps necessary to preserve the assets of the Business.
    B. The Receiver may collect all receivables, issues, income, deposits, receipts, revenues, management fees, membership fees, subscriber fees, royalties, and profits due to the Business.
    C. The Receiver may draw, accept, make, execute, endorse, discount or otherwise deal with checks, promissory notes, letters of credit, credit cards, wire transfers, electronic funds transfers, bills of exchange, mortgages, and other securities for the payment of money.
    D. The Receiver shall pay all local, state, and federal taxes and assessments that arise after his taking of control of the Business
    E. The Receiver may sue and defend in his own name as Receiver of the property in all Courts of this State and employ professionals for assistance. The power to sue shall include prosecuting any claims belonging to the

Judgment Debtors and any creditors of the Judgment Debtors including, but not limited to, claims for (1) breach of fiduciary duty, (2) aiding and abetting breach of fiduciary duty, (3) malfeasance, (4) misfeasance, (5) conversion, (6) negligence, (7) malpractice, and (8) invalidation and/or recovery of any conveyances. In addition, the Receiver is specifically authorized, empowered, and has standing to bring Ancillary Proceedings (defined below) as follows: (i) any action to recover money or other assets of the Judgment Debtors including (1) - (8) above; (ii) any action to determine the validity, priority, or extent of a lien or other interest in property or to subordinate or avoid an unperfected security interest; (iii) any action to pursue claims and/or causes of action on behalf of the Judgment Debtors and/or any creditor of the Judgment Debtors, including but not limited to negligence, fraud, breach of fiduciary duty, or violation of Florida and/or other state and/or federal statutes; (iv) any action to avoid and/or recover any conveyance or transfer void or voidable by applicable law; and, (v) any other action or actions as may be authorized or directed by further Order of this Court. An Ancillary Proceeding is an action of the type designated in paragraphs (i), (ii), (iii), (iv) and (v) above and shall be brought as follows: (a) The Florida Rules of Civil Procedure shall apply to the ancillary proceedings, except where inconsistent with the provisions of this order; (b) The Clerk of the Court shall docket an ancillary proceeding under this matter's case number, and a separate ancillary proceeding number, and shall assign such ancillary proceeding to this Court's division; and (c) All pleadings and other papers filed in an ancillary proceeding shall contain a separate sub-caption and the supplemental proceeding number in addition to the caption and the case number applicable to the main case. The Receiver: (a) is not prohibited and shall not be barred from from filing any action or bringing any ancillary

proceeding due to the doctrine *in pari delicto* and (b) may elect to substitute itself as Plaintiff for the Internal Revenue Service (the "IRS") and (c) otherwise avail itself of the IRS' ten-year statute of limitations with regard to fraudulent transfers, per Section 6502(a)(l) of the Internal Revenue Code, without further order of this Court.

F. The Receiver shall be given full access to the assets, files, papers records, documents, monies, securities, choses in action, books of account, and all other property, tangible or intangible, real or personal, or mixed, of the property, which relate to the Receivership and the Business (the "Receivership Business).

G. The Judgment Debtors, their principals, shareholders, agents, attorneys, accountants or employees, and all persons, partnerships or corporations now or hereafter in possession of the Receivership Business, or any part thereof, shall forthwith allow the Receiver to have access to the above records and documents upon reasonable notice and during business hours.

H. The Receiver controls the attorney-client privilege of the Judgment Debtors and may, at his sole discretion, waive the privilege. *See Commodity Futures Trading Commission v. Weintraub*, 471 U.S. 343, 358 (1985).

I. The Receiver is authorized to set depositions and demand production of documents on three (3) business days' notice. Any objection to documents requested by the Receiver may be stated at the deposition and reserved for hearing.

J. The Receiver shall manage, preserve, protect, and maintain the Receivership Business in a reasonable, prudent, diligent and efficient manner in accordance with all laws and contractual obligations and shall be solely authorized, should he deem in his business judgment, to place the Judgment Debtors into bankruptcy or an assignment for the benefit of

creditors to allow for the orderly liquidation of the Judgment Debtors' assets. Without limitation upon that general duty, the Receiver shall have the following specific duties: <u>Operating Account.</u> Effective immediately upon entry of this Order, the Receiver shall establish and maintain, at a National Bank Association, whose deposits are insured by Federal Deposit Insurance Corporation, one or more separate operating accounts (the "Operating Accounts") into which the Receiver shall deposit all receipts from the Receivership Business, and from which the Receiver shall disburse regularly and punctually, all amounts due and payable as reasonable, necessary and proper operating expenses of the Receivership Business, upon and after Court approval or upon the written mutual stipulation of the Plaintiff and the Judgment Debtors.  <u>Records.</u> Receiver shall maintain a comprehensive system of office records, books, and accounts concerning the operation of the Receivership Business. Upon reasonable notice, and at all reasonable times, the Judgment Debtors, and their respective principals, shareholders, agents, attorneys and other representatives shall have reasonable access to such records, accounts and books and to all vouchers, files, and all other material pertaining to the operation of the Receivership Business, all of which the Receiver agrees to keep safe, available and separate from any records not having to do with the operation of the Receivership Business.<u>Legal Requirements.</u> The Receiver shall ensure that all aspect of the Receivership Business, and its operation and management, comply with any and all laws, regulations, orders or requirements affecting the Receivership Business and the Property issued by any federal, state, county or municipal authority having jurisdiction there over.<u>No Waste.</u> The Receiver shall not suffer, cause or permit: (I) any removal of any real or personal property owned or leased by the Receivership Business; or (ii) any waste of the Receivership Business

or any of the components thereof.<u>Access</u> The Receiver shall have complete access to the property, books, records, documents and papers of the including without limitation, all cash receipts and disbursement journals, all bank accounts, all securities, papers and accounts and records relating thereto including, without limitation, login and password credentials for all electronic accounts with all financial institutions, electronic accounts with all bookkeeping and accounting software, electronic accounts with document management systems or servers, and electronic accounts for mail. Receiver shall further have complete access to all books and records relating to the receivables and assets to be turned over to the Receiver in the possession of any party hereto. The Receiver shall have authority to conduct the accounting of the Judgment Debtors' assets and otherwise inquire into all receivables, collections and other assets of the Judgment Debtors as deemed necessary by the Receiver.The Receiver may apply to this Court for such powers as are needed to ensure the preservation and completion of the Receivership Business and to ensure the maximum value is obtained therefor from time to time as the Court may determine, the Receiver shall be entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by the Receivership Business the amounts commensurate with his duties and obligations under the circumstances.

7. **Cooperation**. The parties hereto, their principals, agents, employees, directors, members, managers, and shareholders who receive notice of this Order are hereby ordered to make available to the Receiver immediately, all original records and documents of whatever description in the possession or under the control of each that in any way relate to the business affairs and assets of the Businesses.

    Sole power to act on behalf of the Judgment Debtors is hereby vested in the Receiver and, the Judgment Debtors, their principals, agents, servants, employees, representatives, officers, directors, partners, members, owners, stockholders and attorneys are hereby enjoined from acting or purporting to act on behalf of the Business, in any manner whatsoever, without first obtaining consent of the Receiver.  Any acts taken in violation of this paragraph or this Order are hereby deemed null and void and shall be of no further force or effect.

8. **Monthly Reports.** The Receiver is directed to prepare, on or before the <u>twentieth (20th)</u> day of each month, commencing 60 days after date of this Order, so long as the Receivership Business and its property shall remain in his possession or care, a full and complete report, under oath, setting forth all receipts and disbursements, cash flow, and reporting all changes in the assets in his charge, or claims against the assets, that have occurred during the period covered by the report. The Receiver is directed to serve a copy of each report on each of the attorneys of record for the parties herein or the party if not represented.

9. **Status to the Court.**  No later than 180 days from the implementation of this Order, and continuing at least every 180 days from the date of this Receivership, the Receiver shall appear before the Court and provide a brief Receivership status update.

10. **Fees.** The Receiver shall be entitled to payment of fees for his services at his standard hourly rate or such other rate as is authorized and approved by the Court.  The Receiver shall, in his discretion, prepare a monthly bill for his services which shall be delivered to counsel of record and the party if unrepresented.  The Receiver shall, in his discretion, pay 70% of his monthly bill upon receipt.  Counsel of record shall have 10 days upon receipt of Receiver's bill to object to said bill.  If no objection is given by counsel of record, the remaining 30% of the Receiver's bill shall be paid.  If there is an objection, the remaining 30% shall not

be paid until approved by the Court. In the event the income derived from the Businesses is insufficient to pay the Receiver or his professionals, he/she is authorized to apply for a certificate of indebtedness which shall constitute a priority claim on the property of the Judgment Debtors.

11. **Judicial Immunity.** The Receiver shall have judicial immunity to the extent he complies with this Order and all subsequent orders of this Court.

12. **No Interference.** Except as otherwise requested or authorized by the Receiver, the Judgment Debtors, their principals, agents, members, shareholders, managers, servants, employees, representative, and attorneys, and any other parties that receive actual notice of this Order, are hereby enjoined from collecting, or attempting to collect, the tangible and intangible personal property, the assets, the rents, receivables, income, revenues, profits and bank accounts of the Receivership Business and from interfering in any manner with the management of the Receivership Business and its Property by the Receiver as hereinabove described until further order of this Court.

13. **Payments.** This is a post judgment receivership. Therefore, the primary fiduciary duty of the Receiver is to make payment to the judgment creditor in the above-captioned matter.

14. **Retention of Professionals.** The Court recognizes that it may be necessary to engage the services of professionals in order for the Receiver to faithfully discharge his duties hereunder. The Receiver is hereby empowered, in his discretion, to hire and employ legal counsel, accountants and consultants ("Outside Professionals") including entities of which Receiver is a shareholder, to furnish legal, accounting and other advice to the Receiver for such purposes as may be reasonable and necessary during the period of the Receivership without further authorization from this Court. The Receiver is authorized to pay from the Businesses funds, eighty percent (80%) of the standard fees and one hundred

percent (100%) of the costs of such Outside Professionals upon receipt of a bill from the Outside Professional. The monthly twenty percent (20%) of fees withheld shall be subject to a final application to the Court for approval of all fees and expenses of such Outside Professional which shall include the twenty percent (20%) of fees withheld. Consistent with this paragraph, Outside Professionals shall make quarterly fee applications to the Court with a final fee application to the Court at the conclusion of the case (for the avoidance of doubt, quarterly fee applications are only necessary in the event any Outside Professionals bill the Receiver and the Receiver pays such Outside Professional in any given period). In addition to the foregoing, said Outside Professionals shall also be entitled to an enhancement based upon results achieved, subject to Court approval.

15. **Jurisdiction.** The Court shall retain jurisdiction of this matter for all purposes.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 22nd day of February, 2021.

2020-022321-CA-01 02-22-2021 7:54 PM
Hon. Samantha Ruiz Cohen

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
David C. Cimo, dcimo@cmmlawgroup.com
David C. Cimo, ekelly@cmmlawgroup.com
Drew Dillworth, DDillworth@stearnsweaver.com

Eric Silver, esilver@stearnsweaver.com
Luis Frank Navarro, fcm@nmbesq.com
Marilee A. Mark, mmark@cmmlawgroup.com
Roniel Rodriguez IV, Ron@RJRfirm.com
Roniel Rodriguez IV, Ron@RJR.Company
Roniel Rodriguez IV, Ron@RJR.Partners

**Physically Served:**